IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN AARON BREWER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TIMOTHEY MAYER | : | NO. 16-5807 |

FILED
NOV 16 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

### MEMORANDUM

STENGEL, J.                                                     NOVEMBER 16, 2016

       Plaintiff Benjamin Aaron Brewer alleges that Detective Timothey Mayer violated his constitutional rights in connection with criminal firearm charges brought against him in the Philadelphia Court of Common Pleas. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Brewer leave to proceed *in forma pauperis* and dismiss his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.     FACTS[1]

       On January 16, 2016, Brewer was arrested and charged with carrying a firearm without a license and carrying a firearm in public in Philadelphia. *See Commonwealth v. Brewer*, Docket No. CP-51-CR-0002532-2016 (Phila. Ct. of Common Pleas). In the instant civil action, Brewer appears to be alleging that Detective Mayer coerced him into incriminating himself and waiving his trial rights by promising him enrollment in "an expungement program so [he] wouldn't do jail time and so [he] could get [his] gun back." (Compl. ¶ III.C.) Brewer also alleges that he requested an attorney before he was questioned by police, but that his request was not honored.

       The public docket reflects that Brewer waived a formal arraignment and his right to a jury trial. He was convicted after a bench trial on October 12, 2016, and is scheduled to be sentenced

---

[1] The following facts are taken from the complaint, exhibits attached to the complaint, and the public docket for Brewer's criminal proceeding in state court.

1

in December. Brewer appears to be alleging that Detective Mayer "entrapped" him into waiving his rights and/or incriminating himself, and violated his Second Amendment rights.[2]

The Court understands Brewer to be raising constitutional claims under 42 U.S.C. § 1983, which provides a cause of action against state actors who have committed constitutional violations. For relief, Brewer seeks: (1) to appeal his conviction; (2) that Detective Mayer "be convicted of entrapment"; (3) damages; and (4) the return of his firearm. (Compl. ¶ V.)

## II.   STANDARD OF REVIEW

The Court grants Brewer leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Brewer is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

If Brewer would like to appeal his convictions, he may do so in state court after he is sentenced. He may not appeal directly to this Court. The only means of challenging a state

---

[2] Brewer also alleges that he suffered a cut lip in jail and that a correctional officer denied him medical attention for that injury. In an attachment to the complaint, he adds that a correctional officer picked him up by the jumper and threw him. However, there is no basis for holding Detective Mayer liable for injuries caused by correctional officers.

conviction or sentence in federal court is a *habeas corpus* petition filed after the exhaustion of state remedies. *See* 28 U.S.C. § 2254.

It appears that Brewer would like to initiate a criminal proceeding against Detective Mayer. However, this Court lacks authority to direct the filing of criminal charges. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

To the extent Brewer alleges that the criminal proceeding leading to his conviction is unconstitutional because he was coerced into waiving trial rights, because it violated the Second Amendment, or for any other reason, his claims are not cognizable. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). As it is apparent that Brewer's recent convictions remain intact, claims that would necessarily imply the invalidity of his convictions are not cognizable in a civil rights action.

To the extent Brewer is claiming that he was coerced into incriminating himself in violation of the Fifth Amendment, his claims fail. The Fifth Amendment protects against self-incrimination. *See Chavez v. Martinez*, 538 U.S. 760, 765 (2003). If Brewer is alleging that he was compelled to incriminate himself in violation of the Fifth Amendment because statements he

made during his interrogation were unconstitutionally used against him at trial, those claims are not cognizable for the reasons discussed above. *See Heck*, 512 U.S. at 486-87. If Brewer is instead alleging that Detective Mayer violated his rights by coercing him into incriminating himself during an interrogation, he cannot state a claim if those incriminating statements were never used against him. *See Chavez*, 538 U.S. at 767; *Alfred v. New Jersey*, No. 13-0332 (RBK) (AMD), 2016 WL 6136576, at *6 (D.N.J. Oct. 20, 2016). Brewer's allegation that Detective Mayer failed to provide him with counsel despite his request also fails to state a claim because Brewer "has no free-standing Fifth Amendment claim for denial of counsel during his interrogation." *James v. York Cty. Police Dep't*, 160 F. App'x 126, 133 (3d Cir. 2005) (per curiam) (citing *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994)).

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Brewer will not be given leave to amend because amendment would be futile. An appropriate order follows.